IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PERRY KING,

                Petitioner,

v.

MATTHEW MARSKE,

                Respondent.

OPINION and ORDER

19-cv-937-jdp

---

Perry King, a prisoner at the Federal Correctional Institution in Oxford, Wisconsin, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2441. Appearing pro se, he challenges his 2013 conviction for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). King argues that, in light of the Supreme Court decision in *Rehaif v. United States*, 136 S. Ct. 2243 (2019), his conviction should be set aside because he was not aware of all of the elements of the offense when he pleaded guilty. I will deny his petition because he cannot meet the requirements for habeas relief, which would require him to show that his conviction is based on a grave error that results in a miscarriage of justice.

ANALYSIS

In 2013, King was charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) and intent to deliver a controlled substance in violation of 18 U.S.C. § 824(a)(1). King agreed to plead guilty to the felon-in-possession count. He was sentenced under the Armed Career Criminal Act to a 188-month term of incarceration. *See United States v. King*, No. 13-cr-50063 (N.D. Ill.). King now challenges his conviction, contending that he would not have pleaded guilty had he known that the government had to

prove that, at the time he possessed the firearm, he knew that he was in a status that barred him from firearm possession.

Federal prisoners generally must challenge their convictions under 28 U.S.C. § 2255 in the district court in which they were convicted. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). However, if the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention," a prisoner may instead challenge the conviction under § 2241. *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To invoke the § 2255(e) savings clause and proceed under § 2241, a petitioner must: (1) be relying on a new case of statutory interpretation; (2) show that the new rule applies retroactively and couldn't have been invoked in the first § 2255 motion; and (3) show that the error is "grave enough to be deemed a miscarriage of justice, such as the conviction of an innocent defendant." *Davis v. Cross*, 863 F.3d 962, 964 (7th Cir. 2017); *Light v. Caraway*, 761 F.3d 809, 812–14 (7th Cir. 2014); *In Re Davenport*, 147 F.3d 605, 611–12 (7th Cir. 1998).

It remains unsettled whether *Rehaif* qualifies as a new case of statutory interpretation that is retroactive on collateral review. But I need not decide that issue because King cannot identify an error that would amount to a miscarriage of justice.

When King was convicted, courts generally interpreted § 922(g) to require proof that the defendant knowingly possessed a firearm and that the defendant was in a prohibited status at the time of the possession. But courts did not require the government to prove that the defendant *knew* of his status. That changed in *Rehaif*, where the Supreme Court held that the government must also prove that the defendant knew that he was in relevant status at the time of possession. 139 S. Ct. at 2194. In King's case, the relevant status is in § 922(g)(1), applicable to "any person who has been convicted in a court of crime punishable by imprisonment for a

2

term exceeding one year." In other words, for him to be convicted after *Rehaif*, the government would have to prove that King knew he was a felon at the time of the possession.

King says, in support of his petition, that:

> I would not have plead guilty to violating 18 U.S.C. § 922(g)(1) if the government had to prove I had knowledge prior to my arrest that I was barred from possessing a firearm as a convicted felon within the meaning of § 922(g)(1).

Dkt. 3, at 2. King has no plausible argument that he would have gone to trial under a post-*Rehaif* interpretation of § 922(g).

To start, the government would not have to prove that King knew that he was barred from firearm possession. Under *Rehaif*, the government needs to prove that the defendant knew that he was a felon. The government does not need to prove that the defendant knew that it was a crime to possess a firearm. *Rehaif*, 139 S. Ct. at 2198; *United States v. Maez*, 960 F.3d 949, 954–55 (7th Cir. 2020).

So, if King were to go to trial, the government would have to convince a reasonable jury that King knew that he been convicted of a crime punishable by imprisonment for a term exceeding one year. *See United States v. Williams*, 946 F.3d 968, 970, 973–74 (7th Cir. 2020); *United States v. Dowthard*, 948 F.3d 814, 818 (7th Cir. 2020). The government's case would be an easy one. In 1997, King was convicted of possession with intent to deliver a controlled substance. He initially received probation, but his probation was revoked and he was sentenced to an eight-year term of incarceration. In 2005, King was convicted of domestic battery and received a sentence of four year's imprisonment. Dkt. 9-1, at 7. Records confirm that King actually served about four years on the controlled substance conviction and about two years on the domestic battery conviction. *See* Dkt. 9-2.

King argues that his firearm rights had been restored, or at least he thought they were. King cites a 1975 version of an Illinois law that restored gun-possession rights to felons. Dkt. 2, at 7. But the Illinois law was repealed in 1984, *United States v. Adams*, 698 F.3d 965, 967 (7th Cir. 2012), when King would have been about nine years old. So it's unlikely that King actually thought his firearm rights had been restored. More important: the government would not have to prove that King was actually aware that his possession of a firearm was illegal. The government would only have to prove that King knew that he was a convicted felon. And no reasonable jury could conclude that King was unaware of his felon status.

King has identified no error that constitutes a miscarriage of justice, which is what would be required to would support § 2241 relief. The court of appeals has affirmed convictions based on pre-*Rehaif* pleas when the record shows that defendant cannot plausibly show that he was unaware of his felon status. *See, e.g., Dowthard*, 948 F.3d at 818 (rejecting that the defendant could have been unaware of his felon status after spending more than one year in prison); *Williams*, 946 F.3d at 973–74 (stating that the defendant couldn't "plausibly argue" that he didn't know he was a felon after spending 12 years in prison). If a record like King's forecloses relief on direct appeal, it will also foreclose relief on habeas review.

ORDER

IT IS ORDERED that:

1. Petitioner Perry King's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED.

2. The clerk of court is directed to enter judgment and close this case.

Entered November 3, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge